# WHEELING.

SECOND NATIONAL BANK *v.* CHANCELLOR.

July 17, 1876.

1876.
June Term.

The want of a notarial seal will not prevent the receipt, as evidence, of a protest, signed by a notary public of this State.

Appeal from, and *supersedeas* to, a judgment of the circuit court of Wood county, granted on the petition of S. J. Horn. The plaintiff below was The Second National Bank of Parkersburg, and the defendants T. R. Chancellor and said Horn. The judgment was rendered on the twenty-ninth day of December, 1874.

The case is stated in the opinion of the Court.

The Hon. James M. Jackson, judge of said circuit court, presided at the trial below.

*Walter S. Sands* for the plaintiff in error.

*Scott & Cole* for the defendants in error.

GREEN, JUDGE:

This was an action of debt, brought in the county court of Wood county, against the drawer and endorser of a promissory note, negotiable and payable at The First National Bank of Parkersburg. The defendant, the endorser, pleaded *nil debit*, and issue being joined, the parties waived a trial by jury and agreed that the issue should be tried by the court. The plaintiff offered in evidence, the note and protest thereof, in the usual form,

1876.
June Term.

Second National
Bank
v.
Chancellor.

set out in the defendants' bill of exceptions No. 2, purporting to be certified by W. H. Wolfe, a notary of said county, under his signature, but not having his official seal annexed. This evidence was objected to, but the court decided it was admissible. Other evidence was offered by the plaintiff, but it is unnecessary to set it forth, as it is admitted if this protest was admissible in evidence that it fully established the plaintiff's right to a judgment against the endorser in this action, as the protest set forth every fact necessary, to establish his liability.

By the commercial law, as recognized in all civilized countries, a protest of a foreign bill of exchange, by a foreign notary, under his hand and official seal, is everywhere received as primary evidence. Upon the general principles of the common law, the certificate under the official seals of foreign officers, acting as the agents and instruments of private parties, would not be received as primary evidence. But an exception, for public convenience, has been always made in favor of protests of foreign bills of exchange, by foreign notaries. *Nicholls v. Webb*, 8 Wheaton 326. It might be doubtful, whether the courts would, upon common law principles, take judicial notice of who are officers within our State, exercising the general powers which have been conferred on notaries, though the American authorities incline to extend this judicial recognition to inferior officers, to whom it was formerly regarded as doubtful whether this judicial recognition would be extended. But in the same spirit in which the courts have recognized the official character of foreign notaries, when authenticated by their own seal only, we think the courts should take judicial notice of who are our own notaries, and it would thence seem that their certificates, in proper cases, should be received as primary evidence, though not under seal, as such certificates, not under seal, are received from other officers, in proper cases, where such officers are judicially recognized, as such. It was de-

cided by the supreme court of Louisiana, in *Lambeth v. Caldwell*, 1 Robinson 61, that the want of a seal to the certificate of a notary public will be no objection to its admission in evidence : The court says, "we are acquainted with no law requiring notaries to furnish themselves with seals. It is true the general, and perhaps universal, practice, is for such officers to have seals, and to affix them to their certificates. This practice is certainly laudable, but nothing authorizes us to say that the absence of a seal on the certificate of a notary, can prevent its admission, when offered in evidence." We may well adopt this language in West Virginia, in reference to notaries of this State. For chapter fifty-one of the Code of West Virginia, in which the duties of notaries and the mode of performing those duties are prescribed, omits to require notaries to keep seals, and the omission seems to have been designed by the Legislature; for the fourteenth and fifteenth sections expressly provide that commissioners for other States, appointed by our Governor, shall keep seals, and authenticate their certificates by their signatures and official seals. In strong contrast with this provision the fifth section of this chapter provides that certificates of affidavits, or depositions, or acknowledgments of deeds, may be under the signature of a notary, without his notarial seal being affixed. It is also, we think, fairly inferable, from the seventh section, that it is also unnecessary that the official seal should be attached to a protest. Its language is "the protest in case of a bill of exchange, or negotiable promissory note, shall be *prima facie* evidence of what is stated therein (or at the foot or on the back thereof, if *signed* by the notary,) in relation to presentment, dishonor and notice thereof." It would be strange if certain facts, stated at the foot or on the back of a protest, could be received in evidence, if the memorandum of them is merely signed by the notary without their being authenticated by his seal, and yet that the very same facts, stated in the body of the protest, could

not be received as evidence, unless the notarial seal was attached. Again, the eighth section of this chapter provides, that on the termination of the office of a notary, his records and official papers shall be deposited in the recorder's office, now the office of the clerk of the county court; and copies thereof, certified by the recorder, now by the county clerk, shall have the same effect as if certified by the notary. This provision seems to assume, that in certain cases the mere certificate of a notary would be evidence, and we know no instance in which it would be more proper to permit such *mere* certificate to be evidence than in the case of a protest. We conclude, therefore, that the want of a notarial seal should not prevent the receipt in evidence of a certificate of protest, signed by a notary of this State. In the case under discussion the county court of Wood committed no error in admitting the protest offered as evidence, and in giving a judgment for the plaintiff, and on the *supersedeas*, the circuit court of Wood properly affirmed this judgment. For the foregoing reasons the judgment, to which a *supersedeas* has been granted, must be affirmed, with costs and damages to the appellee, according to law.

The other Judges concurred.

JUDGMENT AFFIRMED.